**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|                                            |   |                            |
|--------------------------------------------|---|----------------------------|
| LARRY THOMAS O'BRIEN,                      | : |                            |
|                                            | : |                            |
| Plaintiff,                                 | : |                            |
|                                            | : |                            |
| VS.                                        | : |                            |
|                                            | : |                            |
| Probation Officer DANIEL HANCOCK,          | : | NO. 7:10-CV-30 (HL)        |
| *et al.*,                                  | : |                            |
|                                            | : |                            |
| Defendants.                                | : | <u>**ORDER & RECOMMENDATION**</u> |

Plaintiff **LARRY THOMAS O'BRIEN**, an inmate at the Berrien County Jail in Nashville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, as will be directed later in this order and recommendation. The Clerk of Court is directed to send a copy of this order to the business manager of the Berrien County Jail.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint

that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2)

"seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v.***

***Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include

"enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007)

(noting that "[f]actual allegations must be enough to raise a right to relief above the speculative

level," and that the complaint "must contain something more . . . than … a statement of facts that

merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and

citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that

"threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed

as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings

are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be

liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act

or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute

of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation). **See also** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff alleges that his arrest and prosecution arose out of mistaken identity. He states that on April 11, 2009, Officers Melvin Simmons and James Metts arrested plaintiff on unspecified charges and then, the following day, these same officers arrested "a person using [plaintiff's] identity affixed on a commercial drivers license." Plaintiff was convicted on September 17, 2009, of driving under the influence, driving when the privilege to do so has been suspended, and obstruction of an officer.[1] According to plaintiff, at the trial, the "other man's arrest video and evidence was used against [plaintiff]" and the officers testified against plaintiff.[2]

---

[1] Plaintiff's complaint in **O'Brien v. Georgia Dep't of Corrections**, 7:10-cv-13 (WLS), discloses the convictions on which plaintiff is currently confined.

[2] Since originally filing his complaint, plaintiff submitted a letter that the clerk's office has docketed as a "memorandum" (Tab # 6). In his memorandum, plaintiff complains about his recently being re-sentenced as a "[ha]bitual violator." Plaintiff subsequently filed a separate lawsuit, **O'Brien v. McClain**, 7:10-cv-64 (HL) ("**O'Brien II**"), in which he challenges his re-sentencing. The Court will consider the issues presented in plaintiff's memorandum in its disposition of **O'Brien II**.

### III. DISCUSSION

As an initial matter, the Court notes that certain of the relief requested by plaintiff is not available in this action. Expunging all of plaintiff's "criminal and driving history" is not available to plaintiff as relief under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (challenges to conviction, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus). Moreover, this Court is without authority to prosecute the defendants; that decision lies within the discretion of the proper prosecuting authority. *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965). This Court similarly has no authority to notify the Governor's Office of Consumer Affairs concerning alleged identity fraud.

Plaintiff's claims for damages are analyzed separately below for the defendants.

### A. Officers Melvin Simmons and James Metts

Plaintiff fails to allege that his arrest was improper. Moreover, witnesses, whether private citizens or law enforcement officials, are absolutely immune from civil damage claims based on their testimony in a judicial proceeding. *See Briscoe v. LaHue,* 460 U.S. 325, 326 (1983); *Kelly v. Curtis*, 21 F.3d 1544, 1553 (11th Cir. 1994); *Strength v. Hubert*, 854 F.2d 421 (11th Cir. 1988). Such immunity exists even if the testimony is false. *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). Because plaintiff has alleged no colorable claim against Officers Melvin Simmons and James Metts, it is therefore **RECOMMENDED** that they be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days

after being served a copy of this order.

### B. Judge Carson Dane Perkins

It is unclear why plaintiff is suing Judge Carson Dane Perkins, who apparently recused himself from two of plaintiff's prior criminal cases. Because plaintiff has alleged no valid claims against Judge Perkins, it is **RECOMMENDED** that Perkins be **DISMISSED** as a defendant.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

### C. Judge Howard McClain

Plaintiff complains that Judge Howard McClain presided over the September 2009 trial at which "fraudulent evidence was used against [plaintiff]" and then sentenced plaintiff using the criminal history of the other person named Larry Thomas O'Brien. Plaintiff's claims against Judge McClain are barred by the doctrine of judicial immunity. Judges are entitled to absolute immunity from damages for acts taken in their judicial capacity, unless they acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir.1996). Admitting evidence and sentencing are clearly judicial acts. Because Judge McClain was acting within his judicial capacity, he has absolute immunity from liability to plaintiff for damages. Accordingly, it is **RECOMMENDED**, based on the above, that Judge Howard McClain be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this

recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

### D.  Prosecutor Ann Pickett

Plaintiff's only specific allegation against Pickett is that she was the prosecutor "at the 2007 and 2009 jury trials where fraudulent evidence was used against [plaintiff]."  Any claims against Pickett that arose prior to April 23, 2008, are barred by the two-year statute of limitations. Moreover, even if Pickett did use false evidence during plaintiff's 2009 criminal trial, prosecutors enjoy absolute immunity from suit in pursuing a criminal prosecution and in presenting the state's case.  ***Imbler v. Pachtman***, 424 U.S. 409, 427-28 (1976).  Such immunity includes "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions."  ***Hart v. Hodges***, 587 F.3d 1288, 1295 (11th Cir. 2009).  Accordingly, it is **RECOMMENDED** that Pickett be **DISMISSED** as a defendant.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

### E.  Attorney Paul William Hamilton

Plaintiff alleges that his court-appointed attorney, Paul William Hamilton, failed to make various objections, examine the "discovery package," or pursue an appeal.  Even assuming all of

plaintiff's allegations against Hamilton are true, plaintiff has no cause of action against Hamilton under section 1983. As stated above, to be liable in a section 1983 action, the defendant must act "under color of state law." In his capacity as plaintiff's appointed counsel, Hamilton was not acting "under color of state law" for purposes of section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). *See also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993) (private attorneys are not liable under section 1983 for malpractice, negligence, or inaction). Although a private attorney may be sued under section 1983 if he conspired with someone who did act under color of state law, plaintiff makes no such allegation. *Wahl*, 773 F.2d at 1173; *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir.1988) ( "private attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983"). Accordingly, it is **RECOMMENDED** that Paul William Hamilton be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

### F. Foreman William T. Drawdy

Plaintiff sues William T. Drawdy, who was the "foreperson of indictment number 09CR00305 where altered traffic citations were trued billed upon." Members of the grand jury are absolutely immune from suit under section 1983 for acts performed in connection with a criminal defendant's indictment. *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976). As the Fifth Circuit Court

of Appeals has held, claims against a grand jury foreman for signing an indictment are thus clearly frivolous. *Walker v. Skeen*, 31 Fed. Appx. 155 (5th Cir. Dec. 12, 2001); *see also DeCamp v. Douglas County Franklin Grand Jury*, 978 F.2d 1047, 1050-51 (8th Cir.1992); *Martone v. McKeithen*, 413 F.2d 1373, 1376 (5th Cir.1969). Accordingly, plaintiff has not alleged a colorable claim against William Drawdy and it is **RECOMMENDED** that Drawdy be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

### G. Court Reporter Linda Barton

It is unclear why plaintiff sues Linda Barton, who was the court reporter at plaintiff's trial. Plaintiff complains that he does "not recall" whether Barton was licensed. Although the court reporter is not absolutely immune from suit, *Roland v. Phillips*, 19 F.3d 552, 556 n.4 (11th Cir. 1994), plaintiff has failed to raise a colorable claim that Barton violated his federal constitutional rights. Accordingly, it is **RECOMMENDED** that Linda Barton be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

### H. *Clerk of Court Shawna Hughes*

Plaintiff names Shawna Hughes, the Clerk of Court for Berrien County, as a defendant because she "professionally neglected her official position by neglecting to recognize the obvious discrepancies forwarded to her office pertaining to two separate arrests on two individuals with the same name, address, etc affixed on two different types of Georgia drivers licenses."

Even assuming that plaintiff's allegations against Hughes are true, they constitute mere negligence - not deliberate or intentional conduct. Negligence on the part of government officials does not give rise to a section 1983 action. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). In light of the foregoing, it is **RECOMMENDED** that Shawna Hughes be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

### I. *Sheriff Anthony Heath*

Plaintiff's sole allegation against Sheriff Anthony Heath is that Heath is "associated with the arrest records of both dates in which his employees should of recognized the obvious discrepancies." Plaintiff does not specify the sheriff's office employees to whom he refers, but in any event, a supervisor is not responsible for the actions of subordinates under section 1983. Instead, supervisors may be liable only if they: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop

his subordinates from acting unlawfully when he knew they would." ***Gross v. White***, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing ***Goebert v. Lee County***, 510 F.3d 1312, 1331 (11th Cir. 2007)). Plaintiff has not alleged that Sheriff Heath has satisfied any of the above prerequisites for supervisory liability. Accordingly, it is **RECOMMENDED** that Sheriff Heath be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

### J. Alapaha Circuit District Attorney Cathy Harris-Helms

Plaintiff sues prosecutor Cathy Harris-Helms because her "signature is affixed to the indictment from 2006 case and carbon copy affixed to 2009 indictment which leads [plaintiff] to believe that neither indictment evidence was examined by her." It is unclear exactly what plaintiff is alleging against Harris-Helms, but, as discussed above, prosecutors are absolutely immune in pursuing a criminal prosecution and in presenting the state's case. It is therefore **RECOMMENDED** that plaintiff's claims against Cathy Harris-Helms be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

### K. Lisa Stallings-Hancock

Plaintiff sues Lisa Stallings-Hancock as the owner of the private probation provider, A.D.

Probation Services, Inc., and employer of probation officer Daniel Hancock. Employers and private contractors who act under color of state law are not liable for actions of subordinates based upon respondeat superior. *See e.g., Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir.1997). Plaintiff makes no allegations against Stallings-Hancock that might support supervisory liability under the above standard, set forth above in *Gross v. White*, 2009 WL 2074234 (11th Cir. July 17, 2009). Consequently, it is **RECOMMENDED** that Lisa Stallings-Hancock be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

### L. Probation Officer Daniel Hancock

Plaintiff alleges that probation officer Daniel Hancock served plaintiff with the "person using [plaintiff's] identity intensive probationary conditions. The final disposition served by Daniel Hancock obviously altered to justify the fraudulent charges that had me placed in the Georgia Department of Corrections."

It is unclear whether plaintiff is alleging that Hancock actually altered plaintiff's records or whether Hancock merely failed to notice the alleged "obvious" alterations. Although the Court has serious doubts as to whether plaintiff is in fact a victim of "identity fraud," construing the complaint liberally in favor of plaintiff, plaintiff could be viewed as alleging deliberate falsification of records by Hancock. Accordingly, the Court will allow plaintiff's complaint to go forward against Probation

Officer Daniel Hancock.

It is hereby **ORDERED** that service be made against Probation Officer Daniel Hancock, and that he file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the ***Prison Litigation Reform Act***.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or

forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL

PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated

to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under Local Rule 72, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U.S. district judge is strictly up to the parties themselves.

After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide election forms to the parties and/or to their legal counsel, if represented. Upon receipt of the election forms, each party shall cause the same to be executed and returned to the Clerk's Office within fifteen (15) days. Counsel may execute election forms on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the election forms on whose behalf the form is executed.

**SO ORDERED and RECOMMENDED**, this 16th day of August, 2010.


S/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

cr