IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| LARRY THOMAS O=BRIEN, | : |
| Plaintiff, | : |
| VS. | : 7 : 10-CV-30 (HL) |
| Probation Officer DANIEL HANCOCK, | : |
| Defendant. | : |

**ORDER and RECOMMENDATION**

Presently pending in this ▪ 1983 action are several motions filed by the Plaintiff. (Docs. 43, 50, 52, 53, 54, 55), as well as a Motion for Sanctions (Doc. 36) and Motion for Summary Judgment (Doc. 38) filed by the Defendant.   Plaintiff filed this action on April 23, 2010, raising allegations of mistaken identity in his arrest and prosecution in Berrien County, Georgia.   (Doc. 2).   In the remaining claim herein, Plaintiff asserts that probation officer Daniel Hancock deliberately falsified records regarding Plaintiff=s identity.   (Doc. 8).

*Plaintiff's miscellaneous motions*

As noted in prior Court Orders herein (Docs. 7, 42), Plaintiff continues to file motions seeking relief that is not available or is irrelevant to this action.   In Plaintiff's pending motions to compel, Plaintiff seeks information and documents from non-parties regarding other legal proceedings.   (Docs. 43, 52, 53, 54).   As these motions do not pertain to information or issues relevant to this proceeding, these motions are accordingly **DENIED**.   Plaintiff's Motion Reserving the Right to file motions against additional

Defendants (Doc. 50) is **DENIED** as being without merit.

*Defendant's Motion for Summary Judgment*

On September 17, 2009, Plaintiff was convicted in the Berrien County Superior Court of driving under the influence, driving when the privilege to do so had been suspended, and obstruction of an officer.   Based on the events underlying these convictions, Plaintiff filed suit against multiple defendants pursuant to 42 U.S.C. § 1983, alleging that he was arrested and convicted based on the actions of an individual who had stolen his identity.   In his Complaint, the Plaintiff alleges that:

> Daniel Hancock is A.D. Probation Services officer that served me with person [sic] using my identity intensive probationary conditions.   The final disposition served by Daniel Hancock obviously [sic] altered to justify the fraudulent charges that had me placed in the Georgia Department of Corrections.   The final disposition was served by Daniel Hancock immediately after the jury trial ended on Thursday September 17, 2009 whenever everyone had exited the courtroom.   Documents lacked Judge Howard McClain's signature which I knew was unappropriate [sic] but if I did not sign I would of [sic] been charged with obstruction of an officer.   Daniel Hancock made copies that moment and gave them to me explaining that he would get Judge Howard McClain to sign them later.   Twenty one days later Daniel Hancock gave me copies of the same documents with what appears to be Judge Howard McClain's signature?

Doc. 2, pp. 5-6.

Although the Court had serious doubts as to whether the Plaintiff was in fact the victim of identity fraud, the Court concluded that with a liberal construction of Plaintiff's Complaint, Plaintiff's claims could be viewed as alleging deliberate falsification of records by Hancock, and allowed this claim to go forward.   (Doc. 8).

*Standard of Review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

The party moving for summary judgment has the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it"

Fed.R.Civ.P. 56(e)(3).

### *Discussion*

The Defendant has supported his Motion for Summary Judgment with his affidavit and memoranda. (Doc. 38). In part, the Defendant moves for summary judgment based on the lack of evidence produced by the Plaintiff supporting the merits of Plaintiff's case. In his affidavit testimony, the Defendant states that on September 17, 2009, he was employed as a Probation Services Officer with A.D. Probation Services, and served the Plaintiff with the final disposition of his case following a jury trial. (Doc. 38-3, ¶¶ 3, 5). The Defendant testifies that he did not alter any court records pertaining to the Plaintiff, did not observe any indication that the records had been altered, and is unaware of any conduct on his part that would have led to the Plaintiff's arrest under a mistaken identity. *Id.* at ¶¶ 5-7, 10).

In response to the Defendant's contentions, the Plaintiff challenges the Defendant's affidavit on procedural grounds, which are without merit, and continues to maintain that his final disposition papers were altered by the Defendant. (Doc. 41). The Plaintiff does not provide any detail as to how the papers were allegedly altered by the Defendant, and offers no support for his contentions in his unsworn statement filed in response to the Defendant's summary judgment motion. *Id.* The Plaintiff has failed to come forth with any evidence to support his claims or to rebut the Defendant's summary judgment showing. The Defendant's affidavit establishes that he did not alter any of the records pertaining to the Plaintiff, and as the Plaintiff has failed to rebut this showing, the Defendant is entitled to the granting of summary judgment. *Celotex*, 477 U.S. at 331-32;

Rule 56 (e)(3).

Accordingly, it is the recommendation of the undersigned that the Defendant's Motion for Summary Judgment be **GRANTED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

Defendant's Motion for Sanctions (Doc. 36) and Plaintiff's Motion to Enter Evidence (Doc. 55), in which he seeks to enter evidence regarding issues unrelated to this lawsuit, are **DENIED** as moot.

**SO ORDERED and RECOMMENDED**, this 17th day of April, 2012.

s/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE

asb